IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY SPODEN, )
*also known as* **NINA SPODEN**, )
　)
　　　　　　　　　　**Plaintiff**, )
　)
vs. ) Case No. 18-cv-01404-MJR
　)
**NURSE KASEY** and )
**ALFONSO DAVID**, )
　)
　　　　　　　　　　**Defendants**. )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Anthony Spoden,[1] a former inmate at Shawnee Correctional Center ("Shawnee"), filed a civil rights action pursuant to 42 U.S.C. § 1983 in order to address numerous violations of her constitutional rights at Shawnee. *See Spoden v. Dennison*, No. 18-cv-00949-NJR (S.D. Ill. 2018) ("original action"). The Court severed the claims in the original action into four additional cases pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). (Doc. 1, instant case). This case focuses on a single claim (Count 14) against Nurse Kasey and Doctor David for failing to provide Plaintiff with medical treatment for injuries he sustained during an inmate attack on December 12, 2017. (Doc. 1, pp. 11-12). Plaintiff seeks monetary damages against the defendants. (Doc. 2, p. 40).

This matter is now before the Court for preliminary review of Count 14 under 28 U.S.C. § 1915A, which provides:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which

---

[1] Plaintiff's legal name is Anthony Spoden. However, Plaintiff is a transgender inmate who prefers to be called Nina Cole. (Doc. 2, pp. 2, 13). Although the Court must use Plaintiff's legal name, feminine pronouns will be used in reference to Plaintiff.

1

a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Complaint

Plaintiff is a transgender inmate, who was brutally assaulted by a known sexual predator at Shawnee on December 12, 2017. (Doc. 2, p. 10). Following the assault, Plaintiff was denied medical treatment for a broken jaw, fractured ocular bone, and cuts on her face. (Doc. 2, p. 21). Nurse Kasey initially examined Plaintiff on December 12, 2017, but she provided no meaningful treatment. *Id*. The nurse taped a cut on Plaintiff's eye and explained that her fractured jaw would eventually "adjust back to normal." *Id*. In the meantime, Plaintiff received a blister pack of ibuprofen. (Doc. 2, p. 22).

The nurse would not agree to send Plaintiff to the prison's health care unit ("HCU") for further treatment until December 15, 2017. (Doc. 2, p. 23). Once there, Doctor David examined Plaintiff's injuries and prescribed her Motrin for pain. *Id*. A dentist diagnosed Plaintiff with a broken jaw after ordering x-rays. (Doc. 2, p. 24). Even so, Doctor David would not review the test results or provide Plaintiff with additional Motrin. *Id*.

When she met with a specialist three days later, Plaintiff learned that a hematoma had formed under her jaw and become infected. (Doc. 2, p. 28). Jaw surgery was recommended. *Id*. Plaintiff also learned that her fractured ocular bone would heal on its own, but would likely result in permanent vision impairment (*i.e.*, black spots). *Id*.

Plaintiff underwent jaw surgery on December 20, 2017. (Doc. 2, p. 28). When she met with Doctor David a week later, Plaintiff reported torn stitches, continued pain, and difficulty eating. *Id*. The doctor nevertheless discontinued Plaintiff's soft diet, canceled her pain medication, and discharged her to the general population. (Doc. 2, pp. 28-29). Fever and infection returned the following day and remained untreated until January 1, 2018. *Id*.

## Merits Review Under 28 U.S.C. § 1915A

In connection with these allegations, Plaintiff brings an Eighth Amendment claim against Nurse Kasey and Doctor David, which the Court characterized in the Memorandum and Severance Order, as follows:

> **Count 14 -** Eighth Amendment deliberate indifference to medical needs claim against Defendants Kasey and David for failing to provide timely and adequate medical care for Plaintiff's fractured jaw, fractured ocular bone, pain, and infection following the inmate assault that occurred on December 12, 2017.

(Doc. 1, pp. 11-12). The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

Plaintiff's claim of inadequate medical care arises under the Eighth Amendment, which "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). This claim includes an objective and a subjective component. *Id*.

To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively sufficiently serious." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). Plaintiff's medical condition satisfies this standard because it was diagnosed by a medical professional as requiring treatment. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

To satisfy the subjective component of this claim, the plaintiff must show that each defendant responded to his serious medical need with deliberate indifference, which occurs when a defendant "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno*, 411 F.3d at 653. A health care provider's choice of "easier and less efficacious treatment" for a serious medical condition can amount to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citations omitted). The allegations against both defendants satisfy the subjective component of this claim for screening purposes. Accordingly, Count 14 shall receive further review against them.

### **Pending Motion**

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Stephen C. Williams** for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 14** survives preliminary review against Defendants **NURSE KASEY** and **ALFONSO DAVID** pursuant to 28 U.S.C. § 1915A. With regard to **COUNT 14**, the Clerk shall prepare for Defendants **NURSE KASEY** and **ALFONSO DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Severance Order (Doc. 1), the Complaint (Doc. 2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 4), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c),

*if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 14, 2018**

s/ MICHAEL J. REAGAN
Chief Judge,
United States District Court