IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY SPODEN,[1]

    Plaintiff,

v.

KASSONDRA FREEMAN and
ALFONSO DAVID,

    Defendants.

Case No. 3:18-CV-1404-NJR-GCS

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Gilbert C. Sison, which recommends granting the motion for summary judgment filed by Kassondra Freeman and Alfonso David (Doc. 27).

    Plaintiff Anthony Spoden, an inmate in the Illinois Department of Corrections, brings this action *pro se* under 42 U.S.C. § 1983 (Doc. 1). She alleges Freeman and David violated her Eighth Amendment rights by being deliberately indifferent to her serious medical needs (Doc. 9). On February 14, 2019, Freeman and David filed a motion for summary judgment, arguing Spoden failed to exhaust her administrative remedies before bringing this suit (Doc. 20). A notice was attached to the motion, which warned Spoden that failing to respond to the motion by the March 21, 2019 deadline could result

---

[1] Plaintiff's legal name is Anthony Spoden, but she is a transgender woman who prefers to be called Nina Cole (Doc. 2). The Court must use a plaintiff's legal name, but will use feminine pronouns in reference to the plaintiff.

in the dismissal of her case (Doc. 22). Spoden failed to respond by the deadline, and the Court *sua sponte* granted her an extension of time to file a response on or before May 7, 2019 (Doc. 26). The Court warned Spoden, again, that failing to respond could result in the dismissal of her case (*Id.*). To date, Spoden has not responded in any way to the motion for summary judgment.

On June 4, 2019, Judge Sison issued a Report and Recommendation, which recommends granting the motion for summary judgment pursuant to Local Rule 7.1(c), which provides, "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Objections to the Report and Recommendation were due on or before June 24, 2019. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs submitted by the Defendants, as well

as Judge Sison's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Judge Sison and **ADOPTS** the Report and Recommendation in its entirety. The motion for summary judgment filed by Kassondra Freeman and Alfonso David (Doc. 20) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED: July 16, 2019

  **NANCY J. ROSENSTENGEL**
  **Chief U.S. District Judge**